IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH RAY HALL, ID # 1610047,   )<br>            Petitioner,   )<br>vs.   )<br>   )<br>WILLIAM STEPHENS, Director,   )<br>Texas Department of Criminal   )<br>Justice, Correctional Institutions Division,   )<br>            Respondent.   ) | No. 3:14-CV-1986-D  (BH)<br><br>Referred to U.S. Magistrate Judge |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Kenneth Ray Hall (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a copy of his state application for habeas corpus relief that was received in the Eastern District of Texas on April 2, 2014. (*See* doc. 1.) The petition was transferred by order dated April 7, 2014, and it was opened in this district on June 2, 2014. (*See* docs. 3, 4.) On June 3, 2014, the Court issued a *Notice of Deficiency and Order* notifying Petitioner that he had not used the appropriate form for a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court, and that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 7.) He was ordered to file his petition on the appropriate enclosed form and to either pay the fee or file an IFP motion within 30 days. *Id.* The order warned that failure to do so could result in the case being dismissed. *Id.* More than 30 days from the date of the notice of deficiency passed, but Petitioner did not file an amended federal petition on the correct form and either pay the filing fee or file an IFP motion.

On July 30, 2014, Petitioner filed a motion to abate this case because his state habeas corpus application was still pending. (*See* doc. 9.) Denial of the motion was recommended on August 8, 2014. (*See* doc. 11.) In the interim, Petitioner was sent a *Second Notice of Deficiency and Order* again notifying him that he had not used the appropriate form for a § 2254 petition and that he had neither paid the $5 filing fee nor submitted an IFP motion. (*See* doc. 10.) He was again ordered to file his petition on the appropriate enclosed form and to either pay the fee or file an IFP motion within 30 days. *Id.* The again order warned that failure to do so could result in the case being dismissed. *Id.* More than 30 days from the date of the second notice of deficiency have passed, but Petitioner has still not filed an amended federal petition on the correct form or either paid the filing fee or filed an IFP motion.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to file an amended federal petition on the correct form and either pay the filing fee or file an IFP motion despite two separate notices that failure to do so could result in the dismissal of his case. He has not filed anything else since the date of the recommendation that his motion to abate be denied, or otherwise shown that he intends to proceed with this case in federal court.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to

2

prosecute or follow orders of the court, unless Petitioner files an amended federal petition on the correct form and either pays the filing fee or files an IFP motion within the fourteen-day objection period.

**SIGNED this 15th day of September, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE